# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8272 | **DATE** | 11/19/2002 |
| **CASE TITLE** | Gerald Brest vs. Department of Veterans Affairs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, Brest has not exhausted the available administrative remedy that may eliminate the present controversy entirely. Accordingly this action is dismissed as prematurely brought. This dismissal is without prejudice, so that if Brest obtains no relief after pursuing his administrative remedy properly and still perceives himself as having a legitimate claim, he may do so then.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 20 2002 | 2 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CJ docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 11/19/2002 | |
| | Copy to judge/magistrate judge. | 02 NOV 19 PM 3:47 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD L. BREST,                        )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )   No. 02 C 8272
                                        )
DEPARTMENT OF VETERANS AFFAIRS,         )   **DOCKETED**
et al.,                                 )
                                        )   NOV 2 0 2002
            Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Gerald Brest ("Brest") has filed a pro se lawsuit against several governmental defendants--Department of Veterans Affairs ("Department"), Department of the Treasury employee Charles Wilson, Mahoning County DHS and the United States itself--complaining of his alleged mistreatment at Department's hands. For the present this Court will ignore the numerous other problems that are posed by Brest's understandable misapprehension of the procedures and remedies potentially available to him, focusing instead on a few fundamental difficulties with Brest's filing, one of which requires its dismissal without prejudice in any event because he has not yet pursued his administrative remedies adequately.

To begin with, Brest purports to sue not only individually but as a member of what he describes as a class. But Brest is not a lawyer, and although any individual is entitled to represent himself or herself, only a lawyer is authorized to represent other people. Accordingly no aspect of the Complaint

other than the allegations relating to Brest himself may be taken into account here.[1]

That aside, this Court has reviewed the Complaint and its exhibits. Although Brest is obviously frustrated and irate--charging conspiracy, rape of his constitutional rights, terrorism, racketeering and what have you--two exhibits are particularly noteworthy (Exs. C and D, copies of which are attached). And what they reflect is that instead of Brest's responding as to why the reasons set out in Department's April 16, 2002 letter (Ex. C) were wrong (if they were in fact), his answering letter (Ex. D) simply railed about "some criminal plan," "criminal withholding by you terrorists," "criminal and terroristic acts of theft and fraud"--and on and on. Little wonder, then, that Department--lacking any attempt at explanation by Brest--responded that it would proceed with withholding benefits to collect what it still viewed as his $1,932 indebtedness (see Complaint Ex. E, a copy of which is also attached).

What Brest does not appear to understand is that Department's earlier December 27, 2001 form letter, which stated that his monthly benefits were being increased to $2,572, was obviously based on the premise that there had been no change in

---

[1] On that score, nothing in the Complaint other than Brest's unsupported generalizations suggest the existence of a viable class in any event.

2

the factors on which that calculation was made. It is clearly a mistake to believe, as Brest does, that such a letter is somehow a guaranty that the stated payment will be made even if the underlying premise is incorrect. In short, Brest's overly combative response was ill-advised, for it gave Department no facts--as it had requested--on which its action might be reconsidered.

It may well be that the circumstances described in the paragraph of Ex. C that are set out immediately below the table there--a table that reflected the claimed $1,932 overpayment--do not apply. But Brest's filing of this lawsuit has not given Department a fair opportunity to resolve that question. Before litigation becomes appropriate, he must--as Department has specifically requested--furnish the certificate reflecting the continued college enrollment of his daughter (who is over age 18 but is under age 23) via the School Attendance Report, VA Form 21-674b. Although Brest has complained that he did not know how to obtain that form, this Court was able to do so by placing two quick telephone calls--occupying a total of three or four minutes. Several copies of the form are being sent to Brest with this opinion.

In summary, Brest has not exhausted the available administrative remedy that may eliminate the present controversy entirely. Accordingly this action is dismissed as prematurely

brought. This dismissal is without prejudice, so that if Brest obtains no relief after pursuing his administrative remedy properly and still perceives himself as having a legitimate claim, he may do so then.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 19, 2002

SEE CASE FILE FOR EXHIBITS